**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

**IN RE:**

**ANGEL LUIS ROSA  ROSA**

**XXX-XX-6997**

**Debtor(s)**

**CASE NO. 09-02601 BKT**

**Chapter 13**

**FILED & ENTERED ON 06/30/2010**

**OPINION AND ORDER**

**Procedural Background**

On April 1, 2009, the debtor filed a voluntary Chapter 13 petition which listed domestic support obligations as the primary debt owed. After five months, and with no plan confirmed, the Administration for Child Support (hereinafter "Asume" for its Spanish acronym) filed a Motion to Dismiss based on the debtor's failure to keep current on child support payments [Dkt. No. 44]. The Court granted Asume's motion and dismissed the case on November 24, 2009 [Dkt. No. 45]. Shortly thereafter, debtor's counsel filed and was granted an Application for Compensation [Dkt. Nos. 47 and 49, respectively].  Asume responded with a motion requesting the remaining funds held by the trustee be granted to cover the past-due domestic support obligation, as opposed to being released to

the debtor [Dkt. No. 52]. The Court granted Asume's motion on April 9, 2010 [Dkt. No. 56]. Two days later, the debtor filed a motion for reconsideration of the Court's order [Dkt. No. 57]. In light of said motion, the Court set aside the order and Asume refiled their request for access to the funds held by the trustee [Dkt. Nos. 59 and 61, respectively].

This court has jurisdiction of the subject matter and the parties pursuant to the 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**Legal Analysis:**

Upon dismissal of a Chapter 13 case before a plan is confirmed, 11 USC §1326(a)(2) requires that "the trustee…shall return any such payments not previously paid and not yet due … to the debtor, after deducting any unpaid claim allowed under section 503(b)." 11 USC §503(b) allows for payment of administrative expenses- specifically the costs of preserving the estate and litigating the case.

The First Circuit Bankruptcy Appeallate Panel has held that when a plan is not confirmed and the underlying case is dismissed, the funds held by the trustee are subject to levy by the debtor's creditors. In re Steenstra, 307 B.R. 732 (B.A.P. 1st Cir. 2004). Those courts which have allowed creditors to be paid after administrative expenses are covered and before the funds are returned to the debtor have only done so when the requesting creditor represented the state or federal taxing authority and presented the trustee and the Court with a levy on the property of the estate. Id. at 735. However, the court did not raise the taxing authority to the level of an administrative expense, but have bowed to the authority of the levy.

While the Court finds Asume's argument compelling, there is no statutory authority which would allow for the remaining funds to be granted for the payment of any expense other than those considered administrative under 11 U.S.C. §503(b). Accordingly, the motion for reconsideration of the order granting Asume's motion is hereby granted [Dkt. No. 57], the order entered on April 9,2010 [Dkt. No. 56] is set aside, and Asume's motions in Docket numbers 50, 52, and 61 are denied.

**IT IS SO ORDERED.**

San Juan, this 30 day of June, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**